958 F.2d 381
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Domingo URIARTE, Defendant-Appellant.
 No. 91-4085.
 United States Court of Appeals, Tenth Circuit.
 March 23, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 Defendant Domingo Uriarte appeals conviction on two counts under 18 U.S.C. § 841(a)(1), possession of a controlled substance with intent to distribute. He contends that insufficient evidence was introduced at trial to prove that he knew the controlled substances were present in the vehicle he was driving. We affirm.[1]
 
 
 2
 Defendant was arrested after his car was stopped for speeding. The Utah Highway Patrol Trooper who made the stop detected a strong odor of burned marijuana in the car when Defendant rolled down his window at the time of the original stop. The trooper recovered six marijuana cigarette butts from the ashtray, and, upon request, Defendant turned over five more marijuana cigarettes. Defendant and the passenger in the car were arrested for possession of marijuana, and, during the subsequent inventory search of the car, a package was discovered in a locked compartment of the hatchback area. The package contained a kilogram of 100% pure cocaine and 500 grams of heroin. A small packet of cocaine was also discovered in Defendant's wallet. Defendant was not registered as the owner of the car. He claimed that the owner, whose name he didn't know, loaned him the car for a few days. He told police he did not know where he was supposed to return the car.
 
 
 3
 Defendant was charged with possession with intent to distribute heroin and possession with intent to distribute cocaine. He denied knowledge of the presence of the cocaine and heroin in the hatchback compartment. See United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir.) (government must prove knowing possession, not just dominion or control), cert. denied 475 U.S. 1128 (1986). "[T]he standard of review for claims of insufficient evidence is 'whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Thurston, 771 F.2d 449, 452 (10th Cir.1985) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1970)). In addition, "[c]ircumstantial evidence is entitled to the same weight as that given to direct evidence in determining the sufficiency of the evidence to support a verdict of conviction beyond a reasonable doubt." Thurston, 771 F.2d at 452. We examine the evidence in the light most favorable to the government. Hooks, 780 F.2d at 1529, 1531.
 
 
 4
 Circumstantial evidence of Defendant's knowledge of the presence of the drugs in the car was introduced at trial through the testimony of three police officers. Defendant's jacket contained a package of tape which matched the tape on the packages of heroin and cocaine. The packet of cocaine in Defendant's wallet had the same qualitative analysis as the cocaine found in the car. The value of the drugs rendered it unlikely that anyone would inadvertently leave them in car and then loan the car to strangers. This evidence is sufficient basis for a reasonable jury to find the Defendant guilty as charged.
 
 
 5
 The judgment of the United States District Court for the District of Utah is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument